## EDWARD STAPLEFORD'S LESSEE v. THOMAS HOLLIGER, DAVID BURTON, and NANCY, his Wife, and JOSEPH SPENCER.

Court of Common Pleas.  Sussex.  November 23, 1797.

*Wilson's Red Book, 182.*

*Peery* and *Ridgely* for plaintiff.  *Miller* and *Wilson* for defendants.

When *Peery* said they had closed their evidence, *Miller* rose and said defendants would demur upon the evidence.  *Ridgely* and *Peery* then said they would give further evidence.  *Miller* mentioned the case of *Hudson and Townsend,* and said they were too late.

*Ridgely* and the Court said it had been decided in New Castle County, and BASSETT, C. J., said, "Gentlemen are you done?" Plaintiff's counsel said, "No."  "Then," said he, "go on."

Defendants' witness was asked his knowledge of the existence and situation of a fence on the lands in dispute.

BASSETT, C. J.  We have repeatedly told you, you shall give no evidence of a thing not laid down upon the plots.

Plaintiff showed a legal title down to and in Thomas Gordon's wife and Sarah Stapleford, who by deed, November 26, 1748, conveyed to Thomas Stapleford and John Walton as joint tenants.  There was no private examination of Gordon's wife (on which subject defendants cited 2 Com.Dig. 91, 1 Bac.Abr. 301,

Pow.Con. 59, 68). Walton died first, and then Stapleford divided with his executors, whom Walton had directed to sell. Plaintiff urged that a partition among joint tenants could only be by deed, Co.Litt. s. 250 (p. 169a), and that land would not pass by the will of a joint tenant, 4 Com.Dig. 71. Defendants' possession began with this division nearly fifty years ago, and [they] relied on their possession, [2] Esp.N.P. 432 or 2 Esp.N.P. 135.[1]

BASSETT, C. J. Gentlemen, in this cause there are two points. No doubt the deed from Gordon and wife and Stapleford to Stapleford and Walton created a joint tenancy, and the law is clear that upon the death of the one the estate survived to the other. A purchase by two jointly seems as if upon a wager the longest liver takes the whole, but they may divide during their lives, but it must be by deed; otherwise, the joint estate must survive, nor can a joint tenant devise his jointure, for the devise cannot take effect until death of devisor, and then the estate has gone by survivorship. Joint tenant devises and then severs, the devise is void. 3 Burr. 1488. Unless a partition is made by deed, the survivor takes the whole.

As to limitation, much has been said on both sides; where there is a possession it is sufficient for a plaintiff or defendant, but it must be clearly proved, and it must be peaceable. If you are of opinion defendant has had this peaceable and quiet possession, you must find for defendant; but you must be satisfied, and we shall not throw out anything to affect that question.

There has been no testimony of a division until after the death of John Walton. If a partition could then have been made, it would have had no effect.

There was a verdict for the defendants.